## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | |
|---|---|---|
| **LARRY MULLINS,** | ) | **Case No.:** |
| | ) | **JURY DEMANDED** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **POWELL VALLEY ELECTRIC** | ) | |
| **COOPERATIVE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Comes now the Plaintiff, Larry Mullins, by and through counsel and for cause of action against Defendant, Powell Valley Electric Cooperative ("PVEC"), and respectfully shows this Honorable Court as follows:

### JURISDICTION & VENUE

1.     Plaintiff brings this action against Defendant for legal relief to redress unlawful violations of Plaintiff's rights under the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. §12101, et. seq., to remedy violations from disability discrimination, perceived disability discrimination, and failure to make accommodations for Plaintiff pursuant to ADAAA. This Court has federal questions jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331.

2.     The claims asserted in this action arose in Hancock County, Sneedville, Tennessee and therefore, proper venue for this action lies within the Eastern District of Tennessee, pursuant to 28 U.S.C. §1391.

1

## ADMINISTRATIVE PREREQUISITE

3.     Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. §2000e. A notice of Right to Sue was issued on August 29, 2018, a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

4.     Plaintiff, Larry Mullins, resides at 5922 Mullins Lane, Sneedville, Tennessee 37869, Hancock County, and is a citizen and resident of the United States. At all times material hereto this action, Plaintiff was employed by Defendant.

5.     Defendant, Powell Valley Electric Cooperative, is a nonprofit organization, formed in Virginia, with a primary location at 340 Jail Street, Sneedville, Tennessee 37869. Defendant can be served by its Registered Agent, David H. Stanifer at 1735 Main Street, Tazewell, Tennessee 37879.

## FACTUAL ALLEGATIONS

6.     Plaintiff is a resident of Tennessee, residing in Hancock County.

7.     Plaintiff was hired by Defendant as an Equipment Operator in 1989.

8.     During the last approximate 20 years of Plaintiff's employment with Defendant, Plaintiff has worked in the Serviceman position.

9.     As a Serviceman, the essential functions of Plaintiff's duties consisted of office work, contacting PVEC customers and collecting money, and setting and pulling meters.

10.     Throughout Plaintiff's employment with Defendant, he performed his duties in a competent and satisfactory manner.

11.    On October 9, 2014, while driving a PVEC truck, a deer struck the vehicle Plaintiff was driving, resulting in injury to his left shoulder.

12.    PVEC provided authorized medical care for Plaintiff's work-related left shoulder injury, including, but not limited to, treatment from Paul Brady, M.D., a board certified orthopaedic surgeon.

13.    Dr. Brady performed surgery on Plaintiff's left shoulder to repair a rotator cuff tear.

14.    On July 15, 2016 Dr. Brady released Plaintiff to return to work at limited duty with restrictions of no use of his left arm.

15.    Due to Plaintiff's left shoulder injury, Defendant placed Plaintiff on Family and Medical Leave beginning on July 5, 2016.

16.    On September 22, 2016, Plaintiff followed up with Dr. Brady. Dr. Brady continued to be of the opinion that Plaintiff could return to work at limited duty, and lessened Plaintiff's work restrictions to pushing and pulling up to ten (10 lbs.) pounds, lifting up to six (6 lbs.) pounds floor to waist, lifting five (5 lbs.) pounds waist to chest, and lifting five (5 lbs.) pounds overhead.

17.    As of September 22, 2016, Defendant was aware Plaintiff's authorized treating physician, Dr. Brady, had released Plaintiff to return to work with restrictions; however Defendant would not permit Plaintiff to return to work to his Serviceman duties.

18.    As of September 22, 2016, if not before that date, Plaintiff was able to perform the essential functions of the Serviceman job duties with or without reasonable accommodation.

19.    As of November 10, 2016, Dr. Brady continued to be of the opinion that plaintiff could return to work and decreased Plaintiff's work restrictions to 15 lbs. lifting, 11 lbs. lifting floor to waist, ten (10 lbs.) pounds lifting waist to chest, ten (10 lbs.) pounds lifting overhead.

Defendant had knowledge and was made aware that Dr. Brady had decreased Plaintiff's work restrictions.

20. In early October, 2016, Plaintiff's 12-week period for FMLA leave expired.

21. Plaintiff had requested to return to work, was able to return to work, and could perform the essential functions of the Serviceman job duties with or without reasonable accommodations on or before the date the FMLA leave expired, and/or shortly thereafter.

22. As of October 10, 2016, Defendant had knowledge Plaintiff would be re-evaluated by Dr. Brady and that the restrictions would foreseeably be reduced or eliminated within weeks.

23. Plaintiff received a letter from Defendant's General Manager/CEO Randell W. Meyers, dated October 10, 2016, which stated as follows:

> **Dear Larry:**
>
> **As the essential job function of Equipment Operator position will not permit accommodation of your job restrictions, we must inform you PVEC not *[sic]* longer has a position of employment for you effective October 4, 2016. You will receive additional information from the HR office regarding documents you may need to sign. You will be placed on disability leave until your sick leave is exhausted and you will be paid for the accumulated vacation time currently on the books.**
>
> **Sincerely,**
> **Randell W. Meyers**
> **General Manager/CEO**

24. At the time Defendant made the decision to terminate Plaintiff's employment in October of 2016, it had knowledge that Dr. Brady had not placed Plaintiff at maximum medical improvement, that Plaintiff's left shoulder was still improving, and that he would reach maximum medical improvement in a matter of weeks.

4

25.     Defendant had knowledge Plaintiff had not been placed in or performed the "Equipment Operator" position in approximately 20 years.

26.     During the most recent 20 years of Plaintiff's employment with Defendant, he held the title of "Serviceman."

27.     Defendant's October 10, 2016 letter to Plaintiff states its decision to terminate Plaintiff's employment was based on the essential job functions of Equipment Operator.

28.     As of early October 2016, Plaintiff was qualified and able to perform the essential functions of the Serviceman job, with or without reasonable accommodation; however Plaintiff was not given the consideration or opportunity to return to work.

29.     On December 22, 2016, Dr. Brady re-examined Plaintiff and found he had reached maximum medical improvement with respect to Plaintiff's left shoulder injury.

30.     On December 22, 2016, Dr. Brady released Plaintiff to return to regular duty without any restrictions.

31.     Defendant had knowledge Plaintiff was to return to Dr. Brady for evaluation in December of 2016. In December, 2016, Defendant received and had knowledge that Dr. Brady released Plaintiff to return to work to full duty, no restrictions.

32.     As of December 22, 2016, Plaintiff remained qualified to perform the essential functions of the Serviceman position with PVEC.

33.     At the time Defendant terminated Plaintiff's employment, he was earning $33.10 per hour and working a minimum of 40 hours per week and overtime daily.

34.     Prior to Plaintiff's termination, he was earning benefits from PVEC including, but not limited to, 401k Retirement Plan, Life Insurance, medical coverage, vacation, disability and sick leave.

5

35.     At the time Defendant made the decision to terminate Plaintiff's employment,

Plaintiff had 233.36 hours of vacation and 5.72 hours of sick leave available.

## COUNT I – DISABILITY DISCRIMINATION

36.     Plaintiff hereby re-alleges paragraphs 1-35 as though fully set forth herein.

37.     At the time Defendant made the decision to terminate Plaintiff's employment,

Plaintiff was a qualified individual with a disability and/or perceived as an individual with a

disability.

38.     Defendant's decision to terminate Plaintiff's employment was motivated by

discrimination based on Plaintiff's disability and/or perceived disability in violation of the

Americans with Disabilities Act Amendments Act.

39.     At the time Defendant made the decision to terminate Plaintiff's employment,

Plaintiff could perform the essential functions of his job with or without reasonable

accommodation.

40.     In October, 2016, Plaintiff suffered from a disability or was perceived by Defendant

to be suffering from a disability.

41.     In October, 2016, Defendant terminated Plaintiff because of his disability and/or

perceived disability.

42.     As a direct and proximate result of Defendant's unlawful acts, set forth above,

Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal

embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and

benefits.

43.     As a result, Plaintiff is entitled to recover his damages, including lost wages and

benefits, compensatory and punitive damages, reasonable attorneys' fees, costs, interest,

6

reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

      **WHEREFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of the Plaintiff and against Defendant, for:

(1)     all amounts of wages, salary, employment benefits and other compensation, including, but not limited to, back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest;

(2)     all reasonable attorneys' fees, costs and interest pursuant to state and federal law;

(3)     the sum of money determined by the Jury to be sufficient to compensate him for the damages complained of herein;

(4)     all punitive damages; and

(5)     any such other legal or equitable relief as may be appropriate or to which they may be entitled under federal or state law.

(6)     A jury in the trial of this matter.

      Respectfully submitted,

      /s/Jeffrey C. Taylor
      **Jeffrey C. Taylor, Esq.** (BPR #013436)
      TAYLOR Law Firm
      365 West Third North Street
      P.O. Box 2004
      Morristown, TN  37816-2004
      (423) 586-6812
      jeff@taylorlawfirmtn.com

      Attorney for Plaintiff, Larry Mullins